**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 00-4089

ALFONZO ROMAN-SANCHEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-159)

Submitted: August 29, 2000

Decided: September 14, 2000

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Arnold L.
Husser, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfonzo Roman-Sanchez appeals from a seventy-month sentence imposed following his guilty plea for re-entering the country after being deported following his conviction for an aggravated felony, 8 U.S.C.A. § 1326 (West Supp. 2000). Roman-Sanchez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issue: whether the district court properly added two criminal history points to Roman-Sanchez's criminal history score because he was on probation at the time that he illegally re-entered the country. Although informed of his right to file a pro se supplemental brief, Roman-Sanchez declined to file his own brief. Because our review of the record reveals no reversible error, we affirm.

A defendant receives a two point increase for his commission of a federal crime if he was under a criminal justice sentence at the time that he committed the federal offense. See U.S. Sentencing Guidelines Manual § 4A1.1(d) (1998). The application note to § 4A1.1(d) expressly includes unsupervised probation in the definition of a "criminal justice sentence." USSG § 4A1.1, comment. (n.4). It was undisputed that, at the time that Roman-Sanchez illegally re-entered the country, he was on probation for previous state convictions. Thus, the district court properly assigned him two criminal history points on this basis.

We further find, from our own review of the record, that the district court did not abuse its discretion in denying counsel's motion to withdraw, on Roman-Sanchez's request, so that different counsel could be appointed. See United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) (setting forth the factors for review of motions for the appointment of substitute counsel). Further, Roman-Sanchez's guilty plea,

2

following the court's thorough Fed. R. Crim. P. 11 inquiry, was knowing and voluntary. <u>See, e.g.</u>, <u>United States v. Ubakanma</u>, 215 F.3d 431, 424 (4th Cir. 2000).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3

c